# FRITZE, LUNDT, & CO.

*v.*

# ESPERANZA CENTRAL SUGAR CO.

San Juan, Equity, No. 508.

The defendant company being indebted to plaintiffs, the parties entered into contracts giving plaintiffs the right to receive 20 per cent of the sugars produced, and apply the proceeds of the same in payment of their debt. Defendant thereafter suspended operations, and plaintiffs applied to have receivers appointed with power to borrow money to keep the factory going.

Held, that pending the repayment of the money borrowed, plaintiffs cannot ask to have their contracts enforced.

Order filed March 14, 1908.

---

*Messrs. Herminio Diaz* and *C. Coll y Cuchí,* for plaintiffs.

*Mr. Henry F. Hord,* for defendant.

Order by Rodey, Judge:

Fritze, Lundt, & Co. v. Esperanza Central Sugar Co.

On February 8, 1908, the principal complaining firm in this case, Messrs. Fritze, Lundt, & Company, through its solicitors, Messrs. Herminio Diaz and Cayetano Coll y Cuchí, filed a motion, annexing to the same two contracts with the former manager of the respondent central, one dated December 24, 1906, and the other dated June 25, 1907, and requesting the court to enforce these contracts. The contracts themselves are this firm's entire cause of action in this case. We have examined the same at length and we are astonished at the request of counsel. This firm of Fritze, Lundt, & Company is the principal complainant, and, joined by other creditors, came into this court, filed its suit, began this whole proceeding, and requested us to appoint a receiver for the plant and property in question, and also by itself requested and induced us to permit receiver's certificates to the value of $150,000 to issue, all of which we did; and now, before any of those certificates are paid off, or any of the bonds paid, and just as the concern has got on its feet and is running as a result of the money derived from those certificates, this firm requests the court to enforce these contracts of its own in preference to the claims of other creditors, whereby 20 per cent of the value of the sugar product of the mill was to be applied to the extinguishing of their particular debt as the sugar was produced.

Such a request is wholly unwarranted and cannot be entertained at this time. The plant must first pay back the money it has borrowed on receiver's certificates, and then can begin to pay the debts *pro rata,* unless there is some reason why any one particular debt should have preference over others; but, as to that, a showing must be made at the proper time; and, until these certificates are paid off, none of the old creditors are prima facie entitled to any preference. The motion will there-

fore be overruled at this time. But we are not by this admitting that the said firm is entitled to any preference at any time, that question being left open.